UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Reese Wyche,<br><br>Plaintiff,<br><br>vs.<br><br>Bachner Electro USA Inc.<br><br>Defendant. | CASE NO.: 2:26-cv-5277-RMG<br><br>**COMPLAINT** |

## COMPLAINT

Reese Wyche ("Wyche" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Bachner Electro USA, Inc. ("Bachner" or "Defendant") seeking to recover unpaid wages and statutory damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA").

## THE PARTIES

1. Wyche is an adult citizen and resident of Ladson, South Carolina. During all relevant times, Wyche performed work duties at Bachner Electro, USA in the company's North Charleston, South Carolina location.

2. Defendant Bachner is a corporation organized under the laws of the State of Delaware with its principal place of business at 522 Mayfield Road, Suite A, Duncan A, South Carolina 29334. Bachner also maintains an office in Charleston County.

3. At all times relevant, Defendant was Plaintiff's employer for purposes of the FLSA.

## JURISDICTION AND VENUE

4. This action is brought pursuant to the FLSA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a) because that claim arises from the same case or controversy as Plaintiff's federal claims.

5. Venue is appropriate within this District because the acts and omissions giving rise to the causes of action alleged in this Complaint occurred in this District and Division, where Defendant maintains an office and from where Plaintiff primarily worked for Defendant.

**RELEVANT FACTS**

6. Plaintiff was hired by Defendants on or about May 20, 2025, as an Electrical Superintendent, working out of Defendant's North Charleston, South Carolina location.

7. Defendant paid Plaintiff a fixed salary of approximately $90,000 per year and classified him as a salaried exempt employee not entitled to overtime compensation.

8. Throughout his employment, Plaintiff routinely worked between forty and seventy hours per week, in excess of the forty hour per week threshold that triggers overtime obligations under the FLSA.

9. Notwithstanding these hours, Defendant paid Plaintiff a fixed weekly salary and never paid him overtime compensation for hours worked in excess of forty per week.

10. On a day-to-day basis, Plaintiff's work consisted primarily of hands-on electrical field work and performing similar tasks alongside the electricians and other tradespeople on each job site.

11. Plaintiff did not have any employees who regularly reported to him on a day-to-day basis, and certainly not two or more employees.

12. Plaintiff did not have the authority to hire, fire, or discipline other workers.

13. Plaintiff did not set other employees' pay rates or schedules, and he did not evaluate other employees' performance or make personnel decisions.

14. On or about December 14, 2025, Plaintiff contacted Bachner's Chief Executive Officer, Denis Pospischil, regarding his belief that he had been misclassified as exempt and was owed unpaid overtime.

15. On December 16, 2025, Plaintiff met with Pospischil and two other members of Bachner's management, Brett Christmas and Gil Ballenger, and raised his concerns regarding his misclassification, his entitlement to overtime pay, and the inadequate staffing support provided for his workload.

16. In response, Bachner's management represented that it would hire an additional hourly employee to assist Plaintiff, but no such employee was hired until March 2026, nearly three months later.

17. Pospischil told Plaintiff that Defendant would follow up regarding the misclassification and overtime issue within sixty days.

18. A follow-up meeting was scheduled for February 2026 but was rescheduled by Ballenger. Plaintiff was then unable to attend the rescheduled meeting because he was in the midst of working a seventy hour week on a Bachner project and could not obtain coverage.

19. Thereafter, Ballenger proposed reclassifying Plaintiff as an hourly employee at a rate of $37.00 per hour. This change would have reduced Plaintiff's annual base compensation by approximately $15,000. Ballenger proposed an in-person meeting with Pospischil and Plaintiff to discuss the matter.

20. That proposed meeting never occurred. Approximately one week after Ballenger's proposal, on April 3, 2026, Defendant terminated Plaintiff's employment.

21. Defendant also failed to honor other representations made to Plaintiff during his employment, including promised raises at his ninety day and six-month employment anniversaries, and promised additional paid time off for working Sundays.

## FIRST CAUSE OF ACTION

### Violation of the Fair Labor Standards Act

### (Overtime)

22. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

23. Section 207(a)(1) of the FLSA provides that no employer shall employ any of its employees for a workweek longer than forty (40) hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than the higher of one-and-one half (1.5) times the regular rate at which they are employed or one-and-one half (1.5) times the Federal Minimum Wage.

24. At all times, Plaintiff was an employee covered by the FLSA 29 U.S.C. § 206(a)(1).

25. At all times, Defendant was Plaintiff's employer under the FLSA.

26. At all times relevant, Plaintiff was not and could not be considered an employee exempt from the FLSA's overtime pay requirements.

27. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff at the overtime rate of one-and-one half (1.5) times the higher of Plaintiff's regular rate of pay or the applicable federal minimum wage for all hours worked per week in excess of forty (40).

28. As set forth above, while in Defendant's employ, Plaintiff worked many hours each week in excess of forty (40).

29. As set forth above, Defendant failed and refused to compensate Plaintiff properly, and as required by the FLSA, for all overtime hours worked each week in excess of forty (40).

30. Defendant's failure and refusal to pay Plaintiff as required by the FLSA for overtime hours worked each week was willful and intentional, and was not in good faith.

**SECOND CAUSE OF ACTION**

**(Retaliation in Violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3))**

31. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

32. Section 15(a)(3) of the FLSA, makes it unlawful for any employer to discharge or in any other manner discriminate against any employee because the employee has filed a complaint or instituted or caused to be instituted any proceeding related to the FLSA.

33. An employee's internal complaint to company management regarding suspected FLSA violations, including misclassification and unpaid overtime, constitutes protected activity under Section 15(a)(3).

34. Plaintiff engaged in protected activity when he raised concerns regarding his misclassification and entitlement to overtime pay with Defendant's CEO and other members of management beginning in December 2025 and continuing through March 2026.

35. Shortly after Plaintiff continued to pursue the misclassification and overtime issue, and only about one week after Defendant proposed reclassifying Plaintiff in a manner that would have reduced his compensation, Defendant terminated Plaintiff's employment on April 3, 2026.

36. The temporal proximity between Plaintiff's protected activity and his termination, together with Defendant's proposal to reduce Plaintiff's pay rather than correct the underlying misclassification, is evidence of a causal connection between Plaintiff's protected activity and his termination sufficient to sustain a claim of retaliation.

37. Defendant's stated reasons for terminating Plaintiff's employment are pretextual and are not true reasons for his termination.

38. As a direct and proximate result of Bachner's unlawful retaliation, Plaintiff has suffered lost wages and benefits and other damages.

## THIRD CAUSE OF ACTION

**(Violation of South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10.)**

39. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

40. Pursuant to S.C. Code Ann. Section 41-10-10(A), "[e]very employer in the State shall pay all wages due in lawful United States money or by negotiable warrant or check bearing even date with the payday."

41. Pursuant to S.C. Code Ann. Section 41-10-10(2), "Wages' means all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, place, or commission basis, or other method of calculating the amount …"

42. Pursuant to S.C. Code Ann. § 41-10-40(C), an "employer shall not withhold or divert any portion of an employee's wages unless the employer is required or permitted to do so by state or federal law or the employer has given written notification to the employee of the amount and terms of the deductions as required by subsection (A) of Section 41-10-30."

43. Pursuant to S.C. Code Ann. § 41-10-50, "[w]hen an employer separates an employee from the payroll for any reason, the employer shall pay all wages due to the employee within forty-eight hours of the time of separation or the next regular payday which may not exceed thirty days."

44. Pursuant to S.C. Code Ann. § 41-10-80(C), an employee who has not been paid in accordance with the South Carolina Payment of Wages Act "may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow."

45. At all times relevant to this action, Defendant was the employer of Plaintiff, covered by the wage mandates of the South Carolina Payment of Wages Act.

46. Defendant's refusal to compensate Plaintiff the wages owed to him is willful and as a result, Plaintiff is entitled to (1) all amounts due to him; (2) treble damages up to three times the amount of unpaid wages; and (3) attorney's fees.

WHEREFORE, Plaintiff Reese Wyche prays for judgment against Defendant Bachner Electro USA, Inc. in a just and equitable sum of actual, liquidated and treble damages, for the costs of this action including attorney's fees, and for such other and further relief as a jury and/or this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

EHMAN LAW LLC

October 30, 2026

/s/ Brett M. Ehman______________
Brett M. Ehman
Fed Bar No.: 12844
S.C. Bar No.: 102443

2971 West Montague Avenue
Suite 203
North Charleston, SC 29418
(843) 225-3607
brett@ehmanlaw.com

Attorney for Plaintiff